IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCISCO HERNANDEZ, | : CIVIL ACTION NO. 1:20-CV-1161 |
| Plaintiff | : (Judge Conner) |
| v. | : |
| CO PAUL RICHARDS, SGT. ALFORD, LT. KANE, | : |
| Defendants | : |

**MEMORANDUM**

Plaintiff Francisco Hernandez ("Hernandez") is a former inmate who was housed at all relevant times at the Luzerne County Correctional Facility, in Wilkes-Barre, Pennsylvania.[1] Before the court is defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with court orders. (Doc. 31). For the reasons set forth below, the court will grant defendants' motion.

**I.    Factual Background & Procedural History**

Hernandez commenced this action pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as defendants are correctional officer Richards, sergeant Alford, and lieutenant Kane. The allegations of the complaint stem from an incident that occurred on June 4, 2020, at the Luzerne County Correctional Facility.

Previous court orders sent to Hernandez were returned as "Not Deliverable as Addressed, Unable to Forward . . . Inmate Released." (Docs. 18, 20). Therefore,

---

[1] Hernandez has been released from custody and is no longer incarcerated. See VINELink, https://vinelink.com/#/search (last accessed September 7, 2021),

on June 29, 2021, the court issued an order directing Hernandez to notify the court on or before July 20, 2021, as to whether he intended on pursuing this action, and notifying him that a failure to respond, or return of the order as undeliverable, would be construed as an abandonment of the action and result in dismissal of the complaint. (Doc. 21). Hernandez failed to respond in any way to the court's order and the order has been returned as undeliverable. (Doc. 30).

On August 6, 2021, defendants filed a motion to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with court orders. (Doc. 31). Hernandez failed to respond to the motion and the time for responding has now passed.[2] Therefore, the motion is deemed unopposed and ripe for resolution.

## II. Discussion

In moving to dismiss pursuant to Rule 41(b), defendants contend that the factors set forth by the United States Court of Appeals for the Third Circuit in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), support dismissal of Hernandez's complaint. (Docs. 31, 32). The Poulis court identified six factors a court should consider before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the

---

[2] Hernandez was directed to file a brief in opposition to defendants' motion to dismiss and was admonished that failure to file an opposition brief would result in defendants' motion being deemed unopposed. (Doc. 35) (citing M.D. PA. LOCAL RULE OF COURT 7.6). The order was returned to the court as undeliverable. (Doc. 36).

> effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis, 747 F.2d at 868 (emphases omitted).  Not all of the Poulis factors need be satisfied to dismiss a complaint.  See Shahin v. Delaware, 345 F. App'x 815, 817 (3d Cir. 2009) (nonprecedential) (citing Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992)).

In the present matter, Hernandez is *pro se* and is solely responsible for his actions.  See Colon v. Karnes, 2012 U.S. Dist. LEXIS 14692, at *7 (M.D. Pa. 2012) ("Plaintiff is proceeding *pro se*, and thus is responsible for his own actions."). Hernandez has not communicated with the court for approximately ten months. The court can only conclude that Hernandez is personally responsible for failing to inform the court of his whereabouts.

Second, prejudice to the adversary generally includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories or the excessive and possibly irremediable burdens or costs imposed on the opposing party."  Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund, 29 F.3d 863, 874 (3d Cir. 1994). Prejudice also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy."  Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003).  Hernandez's continued failure to communicate with the court and his continued inaction frustrate and delay the resolution of this case.  This failure to communicate prejudices the defendants who likely seek a timely resolution of the case.  See Azubuko v. Bell Nat'l Org., 243 F. App'x 728, 729

(3d Cir. 2007) (nonprecedential) (stating that plaintiff's failure to file an amended complaint prejudices the defendants and compels dismissal).

Third, Hernandez has established a history of dilatoriness through his failure to notify the court of his whereabouts and failure to comply with court orders and rules. As is clear from the procedural background of this case, Hernandez has not communicated with the court since November 2020. (Doc. 13). On June 29, 2021, the court issued an order directing Hernandez to notify the court as to whether he intended on pursuing this action, and notifying him that a failure to respond, or return of the order as undeliverable, would be construed as an abandonment of the action and result in dismissal of his complaint. (Doc. 21). The court's order has been returned as undeliverable, and the deadline to file the notice has expired. (Doc. 30). A *pro se* plaintiff has the affirmative obligation to keep the court informed of his address. See M.D. PA. L.R. 83.18 (providing that a *pro se* plaintiff "shall maintain on file with the clerk a current address at which all notices and copies of pleadings, motions or papers in the action may be served upon such party"). It is clear that Hernandez has failed to comply with the terms set forth in Local Rule 83.18.

Regarding the next factor, "[w]illfulness involves intentional or self-serving behavior." Adams, 29 F.3d at 874. It appears that at least some of this dilatory behavior was performed willfully and in bad faith, as Hernandez has offered no explanation for his failure to communicate with the court and failure to provide the court with his current address. Gagliardi v. Courter, 144 F. App'x 267, 268 (3d Cir. 2005) (nonprecedential) (holding that the district court did not abuse its discretion

by dismissing plaintiff's complaint for failure to prosecute, where plaintiff failed to respond to defendants' motion to dismiss for more than three months and this failure to comply prejudiced defendants).

Fifth, a district court must consider the availability of sanctions alternative to dismissal. Poulis, 747 F.2d at 869. Given Hernandez's indigence, alternative, monetary sanctions would not be effective. See Dennis v. Feeney, 2012 U.S. Dist. LEXIS 7328, at *5 (M.D. Pa. 2012) (finding, "monetary sanctions are unlikely to be efficacious given that Plaintiff is indigent"). Moreover, the court is incapable of imposing a lesser sanction without knowledge of Hernandez's whereabouts.

The final Poulis factor is meritoriousness of the claim. A claim will be deemed meritorious when the allegations of the complaint, if established at trial, would support recovery. Poulis, 747 F.2d at 870. The standard for a Rule 12(b)(6) motion to dismiss is utilized in determining whether a claim is meritorious. Poulis, 747 F.2d at 869-70. The court finds that consideration of this factor cannot save Hernandez's claims, since he is now wholly noncompliant with his obligations as a litigant. Thus, the weight of this factor is lessened and, following a full analysis of the Poulis factors, the majority of the six factors weigh in favor of defendants.

**III.   Conclusion**

Hernandez's last communication with the court was in November 2020. It is clear that Hernandez has been released from custody. Despite being ordered to provide the court with his current address, Hernandez has failed to reply and failed

to move this litigation forward.  The court finds that any further action on this case would constitute a waste of judicial resources.  Therefore, defendants' motion (Doc. 31) to dismiss pursuant to Federal Rule of Civil Procedure 41(b) will be granted.

An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     September 8, 2021